# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-0620V
### UNPUBLISHED

| | |
|---|---|
| ERNEST PERKINS, <br><br>                 Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND <br> HUMAN SERVICES, <br><br>                 Respondent. | Chief Special Master Corcoran <br><br> Filed: December 9, 2020 <br><br> Special Processing Unit (SPU); <br> Damages Decision Based on Proffer; <br> Influenza (Flu) Vaccine; Shoulder <br> Injury Related to Vaccine <br> Administration (SIRVA) |

*David Charles Richards, Christensen & Jensen, P.C., Salt Lake City, UT, for petitioner.*

*Ida Nassar, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On May 1, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") in his left shoulder as a result of an influenza ("flu") vaccine administered on October 29, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 11, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On December 9, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $32,378.10, representing $30,000.00 for his pain and suffering and $2,378.10 for his past unreimbursable expenses. Proffer at 1. In the Proffer, Respondent represented that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $32,378.10, representing $30,000.00 for his pain and suffering and $2,378.10 for his actual unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| ERNEST PERKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 18-620V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN | ) | |
| SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 1, 2018, Ernest Perkins ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine on October 29, 2015. Petition at 1-2. On September 5, 2019, the Secretary of Health and Human Services ("respondent") filed an Amended Vaccine Rule 4(c) Report advising that, in light of the Chief Special Master's Findings of Fact ruling that the onset of petitioner's left arm pain occurred within 48 hours of vaccination, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. Amended Rule 4(c) Report at 8 (ECF #29). On September 11, 2019, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for his shoulder injury related to vaccine administration ("SIRVA").[1] *See* Ruling on Entitlement (ECF #30).

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer,

**I.     Items of Compensation**

      A.     Pain and Suffering

Respondent proffers that Ernest Perkins should be awarded $30,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents Ernest Perkin's expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,378.10, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

**II.     Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Ernest Perkins should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $32,378.10, representing compensation for pain and suffering ($30,000.00), and past unreimbursable expenses ($2,378.10), in the form of a check payable to petitioner, Ernest Perkins.

---

respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's September 11, 2019, entitlement decision.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

**III.   Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Ernest Perkins:                        **$32,378.10**

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

/s/ Ida Nassar
IDA NASSAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-4186

DATED:  December 9, 2020